# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ANNIE B. HUDSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 16-00026-WS-N |
| | ) | |
| UNIVERSITY OF SOUTH | ) | |
| ALABAMA USA HEALTHCARE | ) | |
| MANAGEMENT, | ) | |
|     Defendant. | ) | |

## REPORT AND RECOMMENDATIONS

Plaintiff Annie B. Hudson initiated this action through attorney Brina Ilona Bolden, Esq. On August 11, 2016, the undersigned Magistrate Judge entered an order granting Bolden's motion to withdraw, leaving Hudson to proceed without counsel (i.e. *pro se*). (Doc. 32). That order advised Hudson as follows:

> While she is *pro se*, Hudson bears the sole responsibility of handling her case, which includes timely responding to the Defendant's motions and discovery requests, following the Court's orders, and complying with all applicable rules of procedure. *See* S.D. Ala. General Local Rule 83.5(a) ("All persons proceeding pro se shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil and Criminal Procedure, unless excused by Court order."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)).

Upon further consideration, it is further **ORDERED** that one of the following must occur no later than **Monday, August 29, 2016**:

> 1. New counsel for Hudson must file a notice of appearance in this action; or

> 2. Hudson must file written notice with the Clerk of Court stating whether she intends to continue prosecuting this action *pro se*.
>
> Hudson is cautioned that her failure to comply with this directive may result in dismissal of this action for failure to prosecute and obey the Court's orders. Hudson is also cautioned that, while she is *pro se*, she "must, at all times during the pendency of the action … , keep the Clerk informed of … her current address and telephone number" and "must promptly notify the Clerk of any change of address or telephone number. Failure to comply with this Rule may result in sanction, including dismissal of [this] action…" S.D. Ala. General Local Rule 83.5(b).

(*Id.*).

As directed, the Clerk of Court sent Hudson copies of the August 11, 2016 Order by both regular and certified mail at the address Bolden provided for Hudson. The U.S. Post Office receipt for the copy of the order sent by certified mail indicates that Hudson personally signed for it on August 17, 2016. (Doc. 34). The copy of the order sent by regular mail has not been returned as undeliverable. To date, substitute counsel has not appeared on Hudson's behalf, and Hudson herself has failed to take any further action in this case since her attorney withdrew, much less comply with the August 11, 2016 Order.

There are two possible sources of authority for a district court to dismiss an action for a plaintiff's failure to prosecute or to obey the Court's orders: Federal Rule of Civil Procedure 41(b), and the Court's inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). *Accord Fequiere v. Ala. State Univ.*, 558 F. App'x 881, 882 (11th Cir. 2014) (per curiam) (unpublished); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th

Cir. 2011) (per curiam) (unpublished); *Brown v. Tallahasse Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (unpublished) ("The district court's 'power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits.' *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.1983) (citation omitted). The Court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order. Fed. R. Civ. P. 41(b); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)."). "Rule 41(b) provides: 'For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.' " *Betty K Agencies*, 432 F.3d at 1337. "The Supreme Court also has held that '[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs ....' " *Id.* (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (1962)).[1]

"Where dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice." *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976) (citing

---

[1] "Although the plain language of Rule 41(b) suggests that a court may act pursuant to that Rule only when dismissing upon the motion of the defendant, and acts only on its inherent authority when dismissing *sua sponte,*" many Eleventh Circuit and former-Fifth Circuit decisions have "elide[d] this neat distinction" and permitted *sua sponte* dismissal under Rule 41(b). *Betty K Agencies*, 432 F.3d at 1337 (citing cases).

*Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972)).[2] *See also Castro v. Dir., F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011) ("Dismissal of a lawsuit with prejudice under Rule 41(b) is a severe sanction that should only be used in extreme circumstances where lesser sanctions would not serve the best interests of justice. We will apply a less stringent standard, however, when the district court dismisses a lawsuit without prejudice *and the statute of limitations does not prevent the plaintiff from refiling the lawsuit*." (citing *Boazman*, 537 F.2d at 212-13) (internal citation omitted) (emphasis added)).[3] "[A] dismissal *with prejudice,* whether on motion or *sua sponte,* is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K Agencies*, 432 F.3d at 1337-38 (citations and quotation omitted).

In the August 11, 2016 order, the undersigned explained to Hudson her responsibilities in this case as a *pro se* litigant and ordered her to at least take the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions issued by the Fifth Circuit before October 1, 1981.

[3] Hudson initiated this action on January 20, 2016 (*see* Doc. 1), asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* Such claims must be brought within 90 days of receiving a right-to-sue letter from the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e–5(f)(1); *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002). Hudson attached two EEOC right-to-sue letters, her initial complaint, the later one dated as being mailed October 28, 2015 (Doc. 1-3). Generally, "the filing of a lawsuit which later is dismissed without prejudice does not automatically toll the statute of limitations." *Justice v. United States*, 6 F.3d 1474, 1478–79 (11th Cir. 1993).

simple step of advising the Court whether she intends to continue prosecuting this case. The record indicates that Hudson received the order on August 17, 2016, leaving her with twelve days to timely comply with this simple directive. A month later, Hudson has yet to comply with that order or provide any indication that she intends to continue prosecuting this case.[4] Given that discovery has not yet even commenced, Hudson's active participation in this case is particularly necessary. In light of this, the undersigned finds that no lesser sanction than dismissal will suffice.

Nevertheless, the undersigned also finds that Hudson should be given a final chance to avoid dismissal. Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute and to obey the Court's Orders, under both Federal Rule of Civil Procedure 41(b) and the Court's inherent power to manage its docket. However, and notwithstanding Hudson's ability to object on other grounds, the undersigned further **RECOMMENDS** that the Court decline to dismiss this action if, within the time for filing objections as explained below, Hudson files ***both*** (1) written notice of her intent to continue prosecuting this action, whether *pro se* or through counsel, ***and*** (2) a written explanation showing good cause for her failure to comply with the August 11, 2016 Order, as the Court should not tolerate any party, whether counseled or *pro se*, willfully disregarding an ordered deadline under the assumption it will simply be extended as a matter of course or ignored.

---

[4] Moreover, per the representations in Bolden's motion to withdraw as counsel (Doc. 29), Hudson was informed in writing on June 10, 2016, that Bolden could no longer continue representing her in this action, with Hudson acknowledging this. Bolden further advised "Hudson to seek new counsel" and also "outlin[ed] the possible outcomes of the pending litigation, as it related to the Motion to Dismiss, as filed by the Defendant."

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 19th day of September 2016.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**